# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

D.G., a minor, by and through his )
parents and next friends, Danielle )
Bradley and Zachary Green, )
                        Plaintiffs, )
v. ) Case No. CIV-18-045-RAW
WESTVILLE PUBLIC SCHOOL )
DISTRICT NO. I-11 OF ADAIR )
COUNTY, )
                        Defendant. )

## **ORDER**

Before the court is the motion of defendant Westville Public School District to dismiss. This lawsuit commenced in the District Court for Adair County. The case was removed to this court by defendant on February 8, 2018. Plaintiffs filed an amended complaint (#14) on April 2, 2018.

In the amended complaint, plaintiff alleges that on March 28, 2017, plaintiff D.G. (a third-grade student at Westville Elementary School in Adair County, Oklahoma) was forcibly removed from his classroom by defendant's employees. The employees then confined and isolated D.G. to a closet with a closed door. When D.G. attempted to leave the closet, the employees forced D.G. to the ground and physically restrained him. Despite his cries for help, no school employee intervened to stop the conduct. The amended complaint alleges that defendant possessed a custom, policy or pattern of permitting its employees to discipline and/or manage the behavior of students in this manner. Plaintiff brings one claim pursuant

to 42 U.S.C. §1983 and another pursuant to Oklahoma law for negligence. The federal claim will be addressed first.

Under Rule 12(b)(6), the court must assume the truth of plaintiff's well-pleaded facts and draw all reasonable inferences from them in the light most favorable to plaintiff. *Western Watershed Project v. Michael,* 869 F.3d 1189, 1193 (10th Cir.2017). To overcome a motion to dismiss, a complaint must plead facts sufficient to state a claim to relief that is plausible on its face. *Sylvia v. Wisler,* 875 F.3d 1307, 1313 (10th Cir.2017). A claim is facially plausible if the plaintiff has pled factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The degree of specificity necessary to establish plausibility and fair notice depends on context, because what constitutes fair notice under Rule 8(a)(2) F.R.Cv.P. depends on the type of case. *Robbins v. Oklahoma,* 519 F.3d 1242, 1248 (10th Cir.2008).

To survive a motion to dismiss for failure to state a §1983 claim, a plaintiff must plausibly allege (1) deprivation of a federally protected right by (2) an actor acting under color of state law. *Schaffer v. Salt Lake City Corp.,* 814 F.3d 1151, 1155 (10th Cir.2016). Section 1983 will not support a claim based on a *respondeat superior* theory of liability. *Polk Cnty. v. Dodson,* 454 U.S. 312, 325 (1981). Therefore, in the case of an entity such as a school district, plaintiff must allege that a district policy or custom was the moving force behind the constitutional deprivation. *See Myers v. Ok. Cnty. Bd. of Cnty. Comm'rs,* 151 F.3d 1313, 1316 (10th Cir.1998). Plaintiff must show that the actions complained of were representative of an official policy or custom of the school district, or were taken by an

official with final policy-making authority. *See Murrell v. Sch. Dist. No. 1, Denver, Colo.,* 186 F.3d 1238, 1249 (10th Cir.1999).

In the present motion, defendant first argues that plaintiffs have failed to plead the deprivation of a federal right. It is established that §1983 is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred. *See Margheim v. Buljko,* 855 F.3d 1077, 1084 (10th Cir.2017). The amended complaint explicitly cites the Fourth and Fourteenth Amendments of the United States Constitution. The court finds the factual allegations sufficient as to identifying a source of rights.

"The Fourth Amendment provides one source of rights enforceable in a §1983 action." *Id.* The factual allegations in the amended complaint state a plausible claim of an unreasonable seizure. As for the Fourteenth Amendment, its due process clause protects both procedural due process rights and substantive due process rights. *See Hennigh v. City of Shawnee,* 155 F.3d 1249, 1253 (10th Cir.1998). Again, the plaintiffs have sufficiently identified a source of federal rights allegedly violated by the conduct described. The plaintiffs' allegations are not "a blanket formulaic recitation of the law without factual support" as defendant contends. (#29 at 2).

Defendant also asserts that the amended complaint fails as to allegations against the board of education. Under Oklahoma law, the board of education is the final policy-making authority for a public school district. *See Curtis v. Oklahoma City Public Schools Bd. of Educ.,* 147 F.3d 1200, 1216 (10th Cir.1998). Plaintiffs acknowledge this conclusion. (#28 at page 9 of 18 in CM/ECF pagination). Defendant asserts that the amended complaint "is

3

devoid of any factual allegation of conduct committed by any board of education member or employee with final policy-making authority." (#16 at 5). The court disagrees, and concurs with plaintiffs that ¶¶23-31 of the amended complaint are sufficient in this regard. (#16 at page 9-10 of 18 in CM/ECF pagination).

It is to be emphasized that a motion to dismiss is before the court. A tension may exist between the Rule 12(b)(6) standard and a claim based on policy or custom. That is to say, plaintiff necessarily brings a case based upon "an isolated incident," but is required to plausibly allege a policy or custom. More than one district court has held that, in assessing the pleading standard for municipal liability, the court requires more than boilerplate allegations of a municipal policy, but does not demand specific facts that prove the existence of a policy when a plaintiff would not have access to such information before discovery. *See Gooding v. Ketcher,* 838 F.Supp.2d 1231, 1241 (N.D.Okla.2012); *Reitz v. City of Abilene,* 2017 WL 3046881, *24 (N.D.Tex.2017)(citing cases). This court is persuaded plaintiffs have sufficiently provided such additional factual allegations.

Defendant cites *Couture v. Bd. of Educ. of Albuquerque Public Schools,* 535 F.3d 1243 (10th Cir.2008), for the proposition that placing a student in temporary "timeout" does not violate due process as a matter of law. First, the Tenth Circuit was reviewing a district court's ruling on a summary judgment motion, not a motion to dismiss. Thus, the appellate court reviewed the full factual record to determine, for example, whether the Fourth Amendment (the alleged violation of which the present defendant does not explicitly address) had been violated through an <u>unreasonable</u> seizure. *Id.* at 1251-52. A determination of

unreasonableness depends on a factual analysis. Second, as to procedural due process, the court stated that under the facts reviewed excluding the child from the classroom without a hearing did not violate his procedural due process rights. The child in *Couture*, however, had "severe emotional and behavioral difficulties," including the making of threats. *Id.* at 1246-47, 1257. No such conduct appears in the present case at this time. Moreover, there is no indication that the child in *Couture* was subjected to the type of alleged physical handling as was the child in the case at bar. The Tenth Circuit does state that teachers "often had to force" the child into the timeout room (*Id.* at 1247), but does not elaborate. This court is persuaded discovery is appropriate.

As to a possible claim for violation of substantive due process rights, defendant cites *Muskrat v. Deer Creek Public Schools,* 715 F.3d 775 (10th Cir.2013). Again, that decision was a review of a summary judgment ruling. While the "shocks the conscience" test employed by the appellate court is no doubt daunting to a plaintiff, this court declines to grant defendant's motion in that respect either. Of course, these arguments may be re-urged at the summary judgment stage.

In their second claim, plaintiffs assert negligence on defendant's part under Oklahoma law. The claim appears to have three alternative prongs. Specifically, plaintiffs first allege the defendant breached its "continuing obligation to provide a safe environment for all of its students, including D.G." (#14 at ¶50). They also allege that defendant was negligent "in hiring, retaining and supervising teachers and other school personnel." *(Id.* at ¶¶61-62). Finally, they allege defendant failed to properly follow its policies and procedures with

5

regard to preventing abuse. (*Id.* at ¶67). Defendant seeks dismissal based upon the argument that defendant is immune from liability from such a claim under the discretionary function exemption of the Oklahoma Governmental Tort Claims Act ("OGTCA").

Under the OCTCA, the state waives sovereign immunity from suit in certain circumstances. *See* 51 O.S. §153. A school district is a political subdivision. 51 O.S. §152(11)(b). One exemption from liability is for performing or failing to perform "any act or service which is in the discretion of the [Defendant] or its employees." 51 O.S. §155(5). Plaintiffs correctly note that the Supreme Court of Oklahoma has stated "the discretionary function exemption from governmental tort liability is extremely limited. This is so because a broad interpretation would completely eradicate the government's general waiver of immunity. Almost all acts of government employees involve some element of choice and judgment and would thus result in immunity if the discretionary exemption is not narrowly construed. Just as the waiver is not a blue sky of limitless liability, the discretionary exemption is not a black hole enveloping the waiver." *Nguyen v. State,* 788 P.2d 962, 964 (Okla.1990)(footnote omitted).

The court endorsed the "planning-operational approach" to the exemption. "Under this approach initial policy level or planning decisions are considered discretionary and hence immune, whereas operational level decisions made in the performance of the policy are considered ministerial and not exempt from liability." *Id.* at 964-65. "Distinguishing between discretionary and ministerial activities can be difficult." *Johnson v. Indep. Sch. Dist. No. 89 of Okla. Cnty.,* 2016 WL 1270266, *8 (W.D.Okla.2016). Moreover, for

example, there is no controlling authority regarding the applicability of the discretionary function exemption to a claim of negligent supervision and retention. *Houston v. Indep. Sch. Dist. No. 89 of Okla. Cnty.,* 949 F.Supp.2d 1104, 1108 (W.D.Okla.2013). Inasmuch as the distinction is a difficult one, and in view of the lack of controlling authority, the court finds that it is more in keeping with the statement in *Nguyen* (which is controlling authority) to deny the present motion and ultimately rule on a motion for summary judgment based on a complete factual record.

The court notes that several federal district courts in Oklahoma (i.e., not controlling authority) have granted motions to dismiss on similar claims of negligent hiring or supervision. Some courts have done so based on finding as a matter of law that negligent hiring or supervision is a discretionary function, although Judge Payne of this court came to a contrary conclusion in *J.M. v. Hilldale Indep. Sch. Dist. No. I-29 of Muskogee County, Okla.,* 2008 WL 2944997 (E.D.Okla.2008). Some courts have reached a similar conclusion regarding a claim of failure to maintain a safe school environment. This court finds such a claim even more fact-intensive and declines to grant the pending motion to dismiss.

As to the claim of negligently failing to enforce the school's policies, defendant asserts immunity pursuant to 51 O.S. §155(4), which provides an exemption from liability for the "enforcement of or failure to . . . enforce a law," which is statutorily defined to include a "written policy." This may ultimately be the court's ruling, but the court desires additional factual development and discussion of the interplay between that statutory provision and the discussion in *Nguyen.* That is, if enforcing or failing to enforce a school's

policy is exempt from liability, the scope of non-exempt "ministerial" functions appears severely limited. *See also Oklahoma Dep't of Public Safety v. Gurich,* 238 P.3d 1, 3-4 (Okla.2010)(government retains its immunity with respect to formulation of policy, but is subject to liability for routine decisions and daily implementation of the policy). All of defendant's arguments regarding plaintiffs' negligence claim may ultimately carry the day, but not this day.

It is the order of the court that the motion to dismiss (#16) is hereby denied.

**IT IS SO ORDERED** this 10th day of SEPTEMBER, 2018.

Ronald A. White
United States District Judge
Eastern District of Oklahoma